UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRIKE 3 HOLDINGS, LLC,

                         Plaintiff,

        -v-

JOHN DOE subscriber assigned
IP address 68.129.244.229,

                         Defendant.

25 Civ. 8111 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the motion by plaintiff Strike 3 Holdings, LLC ("Strike 3") to serve a third-party subpoena ("Rule 45 subpoena") on the internet service provider ("ISP") of defendant John Doe, Verizon Online LLC d/b/a Verizon Internet Services ("Verizon"). Dkts. 6 (motion and proposed order), 7 (memorandum of law and affidavits). For substantially the reasons set forth in *Malibu Media LLC v. John Doe subscriber assigned IP address 173.68.5.86*, No. 16 Civ. 2462, 2016 WL 2894919 (S.D.N.Y. May 16, 2016), the Court grants Strike 3's motion and orders as follows:

1. Strike 3 may immediately serve a Rule 45 subpoena on Verizon to obtain information to identify John Doe—specifically, his or her true name, and current and permanent address. Strike 3 is expressly **not** permitted to subpoena Verizon for John Doe's email addresses or telephone numbers. The subpoena shall attach a copy of this Order and the attached "Notice to Defendant."

2. Verizon will have **60 days** from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The order should be attached to the "Notice to Defendant,"

1

such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Verizon may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or overnight service.

3. John Doe will have **60 days** from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Verizon may **not** produce John Doe's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if John Doe or Verizon files a motion to quash the subpoena, Verizon may **not** turn over any information to Strike 3 until such motion has been resolved by the Court, and the Court issues an order instructing Verizon to resume producing the requested discovery.

4. If the latter 60-day period lapses without John Doe or Verizon contesting the subpoena, Verizon will have **10 days** to produce to Strike 3 the information responsive to the subpoena. John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as his or her filing also notify Verizon so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions.

5. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

6. Verizon shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Verizon elect to charge

for the costs of production, it shall provide a billing summary and cost report to Strike 3.

7. Strike 3 shall serve a copy of this Order, along with any subpoena issued pursuant to this Order, to Verizon.

8. Any information ultimately disclosed to Strike 3 in response to the Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its Complaint.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 6.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: November 20, 2025
       New York, New York

## NOTICE TO DEFENDANT

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 68.129.244.229*, No. 25 Civ. 8111 (PAE), a case now pending before the Honorable Paul A. Engelmayer, United States District Judge for the Southern District of New York.

2. Attached is Judge Engelmayer's Order, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, New York 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that

1

you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if you are represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.